# United States District Court
# Northern District of Indiana

| | |
|---|---|
| TONICO VINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 1:10-CV-234 JVB |
| v. | ) |
| | ) |
| CHRIS BUTCHE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Tonico Vinson, a *pro se* prisoner, filed a vague, confusing complaint on the wrong form. He also submitted incomplete summons, an insufficient number of USM-285, and an *in forma pauperis* petition to which he has not attached a copy of his inmate trust account ledger. Though he names six defendants, he does not clearly allege what he believes each one did or did not do which makes them liable to him. Rather he has merely written after each name: "unreasonable search and seizure and probable cause determination violation of 4 Amendment Coleman v. Frantz Gerstein v. Pugh." Complaint at 2, DE 1.

That repeated statement raises more questions than it answers. Why does he believe that the search and seizure was unreasonable? What was searched? What was seized? When did those events occur? How was the probable cause determination made? Why was it unreasonable? Was he charged with a crime? What crime was he charged with? Are the charges still pending? Has he been convicted? Though Vinson has written one additional paragraph, it does not meaningfully address these questions, rather it poses additional questions. Who said that he provided drugs for sale? Why did they say that? What paperwork was changed? Who changed it? When was it changed? What did the paperwork say before and after it was changed? Who provided or failed to provide an affidavit

of probable cause? Was a warrant issued? If so, when and by whom? Finally, what is the relevance to this case of *Coleman v. Frantz*, 754 F.2d 719, 722 (7th Cir. 1985) and *Gerstein v. Pugh*, 420 U.S. 103, 107 (1975)?

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949; 173 L. Ed. 2d 868, 884 (2009) (quotation marks and citations omitted). All of this is lacking here. Therefore, this complaint will be stricken and Vinson will be afforded an opportunity to file an amended complaint using the prisoner complaint form. On it, he must clearly explain each of his claims and why he believes each defendant is liable to him. In addition he needs to provide two properly completed summons and one USM-285 for each defendant he names in the amended complaint.

Finally, Vinson seeks leave to proceed *in forma pauperis*, but he did not attach a copy of his inmate trust account ledger. Therefore the court is unable to properly evaluate his financial situation as required by 28 U.S.C. § 1915. As a result, this *in forma pauperis* petition will be denied. When Vinson files his amended complaint, he must either pay the $350 filing fee or file a prisoner *in forma pauperis* petition to which he attaches a copy of his inmate trust account ledger itemizing his income and expenses for the prior six months.

For the foregoing reasons, the court:

(1) **STRIKES** the complaint (DE 1);

(2) **DENIES** the *in forma pauperis* petition (DE 2);

(3) **DIRECTS** the clerk to place this cause number on a blank prisoner *in forma pauperis* petition and a blank Prisoner Complaint 42 U.S.C. § 1983 form and sent it to Tonico Vinson along with twelve summons and six USM-285 forms;

(4) **GRANTS** Tonico Vinson to and including August 26, 2010 to file a complaint and *in forma pauperis* petition along with summons and USM-285; and

(5) **CAUTIONS** Tonico Vinson that if he does not respond by that deadline, this case will be dismissed without further notice.

**SO ORDERED** on July 22, 2010.

                                                s/Joseph S. Van Bokkelen
                                                Joseph S. Van Bokkelen
                                                United State District Judge
                                                Hammond Division